## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03168-CMA-NYW

JOHN DOE,

     Plaintiff,

v.

COLORADO STATE UNIVERSITY,
COLORADO STATE UNIVERSITY BOARD OF GOVERNORS,
JOYCE MCCONNELL, individually and in her official capacity as President of Colorado State University,
LINDY L. HENSON, individually and in her official capacity as Assistant Director of Student Conduct Services at Colorado State University,
DIANA PRIETO, individually and in her official capacities as Vice President for Equity, Equal Opportunity, and Title IX Programs and interim Title IX Coordinator at Colorado State University,
AUDREY SWENSON, individually and in her official capacity as Title IX Investigator at Colorado State University, and
MURRAY OLIVER, individually and in her official capacity as Chair of the Appeal Committee at Colorado State University,

     Defendants.

---

## MINUTE ORDER

---

Entered by Magistrate Judge Nina Y. Wang

This matter comes before the court on Plaintiff John Doe's ("Plaintiff" or "Mr. Doe"), Unopposed Motion for Leave to Proceed Anonymously (or "Motion") [#20, filed January 19, 2021]. This matter was referred to the undersigned pursuant to the Order Referring Case [#18] and Memorandum [#21], both dated January 19, 2021. Plaintiff seeks leave to proceed in this action anonymously.

There is a common-law right of access to judicial records, premised on the recognition that public monitoring of the courts fosters important values such as respect for our judicial system. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *In re Providence Journal Co.*, 293 F.3d 1, 9 (1st Cir. 2002). Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society." *M.M. v. Zavaras,* 939 F. Supp. 799, 801 (D. Colo. 1996).

Relatedly, the Federal Rules of Civil Procedure do not contemplate the anonymity of parties. *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998). Rather, Rule 10(a)

requires that a complaint "name all the parties," and Rule 17(a) provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 10(a), 17(a). *See also Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979) ("The use of pseudonyms concealing plaintiffs' real names has no explicit sanction in the federal rules. Indeed, it seems contrary to [Rule] 10(a) which requires the names of all parties to appear in the complaint."). Absent permission from the court to proceed anonymously, a case filed under a pseudonym can be dismissed for failure to comply with Rule 10(a). *See, e.g.*, *Zavaras*, 139 F.3d at 803–04 (affirming trial court's dismissal of complaint for failure to comply with Rule 10(a) where plaintiff used a pseudonym).

The United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") has explained that "identifying a plaintiff only by a pseudonym is an unusual procedure, to be allowed only where there is an important privacy interest to be recognized. It is subject to a decision by the judge as to the need for the cloak of anonymity." *Lindsey*, 592 F.2d at 1125, and to justify use of a pseudonym, "the risk that a plaintiff may suffer some embarrassment is not enough," *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000). The Tenth Circuit has "nevertheless recognized that anonymity in court proceedings may sometimes be warranted, but it is limited to 'exceptional circumstances,' such as cases 'involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.'" *Phillips v. Austin Police Dep't*, 828 F. App'x 508, 510 (10th Cir. 2020) (quoting *Femedeer*, 227 F.3d at 1246) (further citations omitted).

Here, Plaintiff asserts that he has a "significant privacy interest implicated" by the nature of this action. [#20 at 4 ¶ 13]. He is a college student and in the Reserve Officer Training Corps for the Air Force, and contends that "[w]ith social media today, the exposure brought by a lawsuit such as this will expose [him] to undue harassment, embarrassment, and disclosure of sensitive private details of multiple intimate relationships he had with two other students." [*Id.*]. This court respectfully agrees with Plaintiff.

Plaintiff argues that "[r]evelation of his true identity would result in embarrassment or public humiliation." [*Id.* at 4 ¶ 14]. But the Tenth Circuit has clearly held such basis, standing alone, "is not enough." *Femedeer*, 227 F.3d at 1246. He further argues that "[p]lacing his name in the public domain would subject him to potential retaliation and harassment," [#20 at 4 ¶ 14]. This court, like other courts in this District, recognizes that "electronic filing allows anyone with an internet connection to access public pleadings, which means that revealing plaintiff['s] name[] could expose [him] to contact by persons seeking to exploit [him]," in connection with this case. *See Doe v. Boulder Valley Sch. Dist. No. RE-2*, No. 11-cv-02107-PAB, 2011 WL 3820781, at *3 (D. Colo. Aug. 30, 2011) (finding that such availability, in conjunction with the plaintiffs' ages and the nature of the allegations in the case, weighed in favor of sealing a complaint to protect the plaintiffs' identities).

In addition, Plaintiff contends that denying him permission to proceed anonymously would frustrate the purpose of the Family Educational Rights Privacy Act ("FERPA"), 20

U.S.C. § 1232g, and regulations promulgated thereunder, *see* 34 C.F.R. Part 99, which provide privacy protections to student educational records. [#20 at 5 ¶ 17].   More specifically, Plaintiff argues that "requiring [him] to reveal [his] identit[y] would result in significant harm to [him], including the exact damages [he] seek[s] to remedy," [*id.*] and "further damages to [his] future educational career endeavors and mental and physical welfare, the very harms he seeks to redress," [*id.* at 5 ¶ 18].

Finally, he argues that Defendants (who do not oppose this Motion) will not be prejudiced in any way should Plaintiff be permitted to remain anonymous because Defendants know the relevant parties, the details of this action, and because much of this case depends on FERPA records already in existence. [*Id.* at 5 ¶ 19].  Here, Plaintiff is not trying to shield his identity from Defendants. Instead, he is "trying to protect [his] identit[y] from interested persons not associated with the defendants. Therefore, the fact that the defendants may know [his] name[] does not argue against" permitting him to proceed under a pseudonym. *See Boulder Valley Sch. Dist. No. RE-2*, 2011 WL 3820781, at *2.

This court finds that Plaintiff has a sufficiently significant privacy interest to outweigh the presumption of public access, and that his asserted privacy interest warrants permission to proceed anonymously at this time.  Indeed, under the facts alleged in the Complaint, it appears that this case is one in which "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Zavaras*, 139 F.3d at 803. And as Plaintiff correctly notes, courts in the District of Colorado and others have permitted plaintiffs in such actions to proceed anonymously. *See, e.g.*, *Doe v. Univ. of Colo., Boulder*, No. 16-cv-01789-WJM-KLM, Docket No. 25 (D. Colo., filed October 4, 2016); *Doe v. Univ. of Denver*, No. 16-cv-00152-PAB-STV, Docket Nos. #2 (D. Colo., filed Jan. 20, 2016), #32 (D. Colo., filed Apr. 21, 2016); *Doe v. Univ. of Massachusetts-Amherst*, No. 14-30143, 2015 WL 4306521 (D. Mass. Jul. 28, 2015); *Doe v. Salisbury Univ.*, 107 F. Supp. 3d 481 (D. Md. 2015).  *See also* [#20 at 3–4 ¶ 11 (collecting cases)]. As a result, the court finds that it is appropriate to allow Plaintiff to proceed anonymously at this juncture.[1] Accordingly, the Unopposed Motion for Leave to Proceed Anonymously is **GRANTED**.

For the reasons set forth herein, **IT IS ORDERED** that:

---

[1] To the extent Plaintiff asserts that redaction of his name or other less-restrictive alternatives to proceeding anonymously are insufficient to protect his privacy interests because "Internet sleuth[s]" may be able to line up dates and locations in the Complaint with existing social media posts to ultimately discovery and expose Plaintiff's identity, [#20 at 5 ¶ 18], it is not clear to this court why redaction would not be a viable alternative. Indeed, Plaintiff does not seek to restrict his Complaint [#1], which is not currently filed under restriction, and rather than redaction of his identity he has substituted "John Doe" for the same. *See generally* [*id.*].  Nonetheless, this court finds for the same reasons set forth above that Mr. Doe should be permitted to proceed anonymously.

(1)  Plaintiff John Doe's Unopposed Motion for Leave to Proceed Anonymously [#20] **GRANTED**.[2]

DATED:  February 3, 2021

---

[2] In so holding, this court reserves the issue as to whether Plaintiff may continue to proceed anonymously through substantive motions and/or trial to the presiding judge in this matter, the Honorable Christine M. Arguello.  *Cf. Roe v. Minguela,* No. 16-CV-02744-MSK-KMT, 2018 WL 4148261, at *11 (D. Colo. Aug. 30, 2018) (cautioning plaintiffs proceeding anonymously that "should this matter go to trial, that trial will be fully open to the public, and thus, their identities will likely become known at that time").